# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
  *Appellant*,

  *v.*

A.A., et al.,
  *Appellees.*

No. 26-1401

## RESPONSE TO MARCH 4 ORDER

On March 4, the Court ordered the parties to address whether the order on appeal is a "final decision[]" under 28 U.S.C. § 1291 or otherwise immediately appealable.  Pursuant to that order, appellant states the following:

1.  On December 24, 2025, the district court entered an order that quashed parts of a subpoena and scheduled briefing on whether anonymized subpoena responses would be permissible.  *See* Dkt. 52.

2.  On February 20, 2026, the United States filed a Notice of Appeal of that order.  *See* Dkt. 65.  This appeal was subsequently assigned docket No. 26-1401.

3. On March 2, the district court entered an order that reaffirmed the terms of the December 24 Order and denied anonymized productions. *See* Dkt. 66. That same day, the district court entered final judgment under Rule 58 of the Federal Rules of Civil Procedure and closed the case. *See* Final Judgment Order, Dkt. 67.

4. On March 12, the United States filed a Notice of Appeal of the district court's March 2 Order and Final Judgment. *See* Dkt. 69. This appeal was subsequently assigned docket No. 26-1545.

5. On March 16, the Clerk ordered that "[i]n the event a briefing and scheduling order issues in No. 26-1401, the appeals at Nos. 26-1401 and 26-1545 are hereby consolidated for all purposes." March 16 Clerk Order.

6. This Court inquired as to its jurisdiction over this appeal because of the possibility that the district court's continued consideration of the "anonymization issue" might render the December 24 order non-final. Order (Mar. 4, 2026). The district court resolved the anonymization issue through its March 2 order and has now unquestionably entered a final judgment. *See* Dkt. 67. Moreover, the government has filed a second notice

of appeal from that judgment, which this Court docketed as No. 26-1545

and has consolidated with No. 26-1401. Thus, regardless of whether the

district court's December 24 order was an appealable final order, there is

no question at this stage that the district court has entered an appealable

final judgment and that this Court has jurisdiction to review all orders

entered by the district court. *See Elfman Motors, Inc. v. Chrisler Corp.*, 567

F.2d 1252, 1253 (3d Cir. 1977) ("a final judgment or order is appealable,"

and "the appeal from a final judgment draws in question all prior non-final

orders and rulings which produced the judgment").

Respectfully submitted,

BRAD HINSHELWOOD

 /s/ *John Bailey*
JOHN BAILEY
*Attorneys*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C. 20530*
*(202) 514-6993*

MARCH 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Palatino Linotype 14-point, a proportionally spaced font with serifs, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 392 words, according to the word count of Microsoft Word.

/s/ John Bailey
John Bailey

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *John Bailey*
John Bailey