**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

| | |
|---|---|
| IN RE: 2025 UPMC SUBPOENA | Nos. 26-1401, 26-1545 |

**UNOPPOSED MOTION FOR EXTENSION OF TIME**

Pursuant to Federal Rule of Appellate Procedure 26 and Third Circuit Rule 31.4, Appellant United States of America respectfully moves for a 30-day extension of time, to and including August 10, 2026, to file its opening brief and appendix.  Per Circuit Rule 27.3, Appellant has conferred with opposing counsel and represents that Appellee does not oppose the requested relief.  In support of this motion, Appellant states as follows:

1.  On March 30, 2026, the Court issued a briefing notice setting May 11 as the due date for Appellant's opening brief and appendix in these consolidated appeals.  On April 28, Appellant was granted an initial 30-day extension of time until June 10.  Appellant was subsequently granted an additional extension of time until July 10.

2.  Appellant respectfully requests an additional 30-day extension, to and including August 10, 2026, to complete preparation of its opening brief and appendix.

3.  Good cause exists for the requested extension.  Undersigned counsel has significant preexisting commitments, including *United States v. California*, No. 25-cv-06230 (C.D. Cal.) (oral argument held July 6); *Massachusetts v. Trump*, No. 25-cv-12162 (D. Mass.) (administrative record due July 10); and *Z.A. v. Lucile Salter Packard Children's Hospital at Stanford*, No. 26-cv-04998 (N.D. Cal.) (opposition to motion for class certification and preliminary injunction due June 17; oral argument held June 24), that make the current timeline impracticable.  Oral argument has not been set in this appeal, and the requested extension will not delay any other aspect of the Court's consideration of this case.

In addition, the supervisory attorney on this matter, Brad Hinshelwood, also has responsibility for a variety of other matters, several of which were not foreseen at the time of the last extension.  Matters under Mr. Hinshelwood's supervision include a motion for partial stay pending

appeal and reply in support in *Wilkins v. Hegseth*, No. 24-2079 (4th Cir.), filed June 3 and June 15, respectively; a response brief in *Van Loo Fiduciary Services*, No. 25-2930 (9th Cir.), filed June 10; an expedited opening brief in *In re Motion to Quash Administrative Subpoena to Rhode Island Hospital*, No. 26-1568 (1st Cir.), filed June 17; a reply brief in *PFLAG, Inc. v. Trump*, No. 25-1279 (4th Cir.), filed June 29; an expedited response brief in *DSCC v. Trump*, No. 26-5193 (D.C. Cir.), filed June 29; a motion for stay pending appeal in *New York Times Co. v. Department of Defense*, No. 26-5253 (D.C. Cir.), filed July 6; a response brief in *Goad v. United States*, No. 26-7021 (10th Cir.), due July 8; an expedited response brief in *Lujan v. Federal Motor Carrier Safety Administration*, No. 26-1027 (D.C. Cir.), due July 15; an opening brief in *State of Oregon v. Trump*, No. 26-1804 (Fed. Cir), due July 21; and a reply brief in *State of Texas v. Oz*, No. 25-40766 (5th Cir.), due July 22.

4.  For these reasons, Appellant respectfully requests that the Court grant this motion for a 30-day extension of time.

Respectfully submitted,

BRAD HINSHELWOOD

/s/ *John Bailey*

JOHN BAILEY
*Attorneys*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C. 20530*
*(202) 514-6993*

JULY 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Palatino Linotype 14-point, a proportionally spaced font with serifs, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 489 words, according to the word count of Microsoft Word.

/s/ John Bailey
John Bailey

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system.

Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ John Bailey*
John Bailey